UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DUBAN LAINEZ OSEJO, | No. 1:25-cv-01846-DJC-JDP |
| Petitioner, | |
| v. | ORDER |
| SERGIO ALBARRAN, et al., | |
| Respondents. | |

Petitioner is a noncitizen from Nicaragua who entered the United States in 2021.  In December of 2025, Petitioner was detained at his annual check-in with United States Immigration and Customs Enforcement ("ICE").  Petitioner filed a Petition for a Writ of Habeas Corpus along with a Motion for Temporary Restraining Order.  (ECF Nos. 1, 3.)

Because the claim for relief in Petitioner's Motion is not ripe for review, Petitioner has not established likelihood of success on the merits.  Accordingly, the Court denies Petitioner's Motion for Temporary Restraining Order and sets a further briefing schedule on a preliminary injunction as well as the merits of the Petition.

**BACKGROUND**

Petitioner is a noncitizen from Nicaragua who entered the United States in 2021 and was detained shortly thereafter. (Mot. (ECF No 3) at ¶¶ 10, 12.)  Petitioner was

1

then released from custody and filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.* ¶¶ 12-13.) On December 11, 2025, Petitioner appeared for his annual check-in with ICE. (*Id.* ¶ 15.) Upon arrival, an ICE officer arrested Petitioner, purportedly because he had been a day late for his 2023 check-in. (*Id.* ¶¶ 15-16.) Petitioner is currently detained at the California City Correctional Facility. (*Id.* ¶ 17.) Petitioner has never been ordered removed by an immigration judge. (*Id.* ¶ 19.)

Petitioner filed a Petition for a Writ of Habeas Corpus and a Motion for Temporary Restraining Order. (ECF Nos. 1, 3.) Briefing on the Motion for Temporary Restraining Order is now complete. (Mot. (ECF No. 3); Opp'n (ECF No. 9).) The Court ordered this matter submitted without oral argument. (*See* ECF No. 4.)

## LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted). The Ninth Circuit employs a sliding scale approach to the *Winter* factors, under which a strong showing on the balance of hardships may compensate for a lesser showing of likelihood of success. *See Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022).

## DISCUSSION

Petitioner has not established a likelihood of success on the merits at this stage of the proceedings. Though the Petition seeks additional relief, Petitioner's Motion solely asks the Court to enjoin Respondents from removing Petitioner to a third country without first providing Petitioner notice and an opportunity to present evidence in support of his application for asylum and a defense to claims of removability. (Mot. at 7.)

However, Petitioner has not shown Respondents are imminently likely to remove him to a third country such that his claims about the process attendant to removal are ripe for review. A habeas petition "cannot be used to seek relief for claims that are speculative or otherwise not ripe for review." *Van Huynh v. Bondi*, No. 2:25-cv-02093-KKE, 2025 WL 3534210, at *5 (W.D. Wash. Dec. 10, 2025) (citing *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985). A "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)) (cleaned up). Petitioner solely asserts that, on "information and belief, Respondents may remove Petitioner to a third country or relocate him to another judicial district or state without providing a meaningful opportunity to be heard on his claim for relief." (Mot. ¶ 9.) Petitioner also states that he has never been ordered removed by an immigration judge. (*Id.* ¶ 19.) Absent at least an order of removal, Petitioners' claims concerning his rights to notice and an opportunity to be heard prior to removal are not ripe for adjudication.

The cases Petitioner cites do not show Petitioner is entitled to this relief at this stage. Each of Petitioner's cited cases enjoined respondents from removing petitioners to third countries without certain procedural protections only after petitioners had been ordered removed by an immigration judge. *See, e.g.*, *J.R. v.*

*Bostock*, 796 F. Supp. 3d 684, 690 (W.D. Wash. 2025). As Petitioner here lacks a removal order (*see* Mot. ¶ 19), these cases are inapplicable.

Accordingly, Petitioner has not yet established he is likely to succeed on or serious questions going to the merits of his claims and, therefore, is not entitled to preliminary relief. *See Apache Stronghold v. United States*, 101 F.4th 1036, 1049 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1480 (2025), *reh'g denied*, No. 24-291 (U.S. Oct. 6, 2025) (explaining that the "first factor—likelihood of success on the merits—is the most important, and when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three factors" (cleaned up)).[1]

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 3) is DENIED.
2. As the Court intends to rule directly on the Petition for Writ of Habeas Corpus (ECF No. 1) and Petitioner's request for a preliminary injunction,[2] Petitioner may file a single brief in support of both on or before January 13, 2026. On or before January 27, 2026, Respondents may file a single opposition to preliminary injunction and answer to the petition. On or before February 3, 2026, Petitioner shall file a single reply, if any, to Respondents' opposition and traverse. The Petition and Preliminary Injunction are not currently set for a hearing, but the Court may subsequently order one if it determines a hearing is necessary.
3. Respondents' opposition shall provide the Court with copies of all referenced/relevant portions of petitioner's A-File, in addition to all of the

---

[1] The Court declines to address Respondents' Motion to Dismiss (ECF No. 9) as it fails to follow the Local Rules governing filing of motions. *See* L.R. 230(b).

[2] *See* Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); *see also* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a habeas petition] as law and justice require.").

following documents if they were provided to petitioner: (1) Form I-862, Notice to Appear; (2) Form I-220A, Order of Release on Recognizance; (3) Form I-286, Notice of Custody Determination; (4) any document authorizing parole; and (5) any and all available records documenting and/or detailing the nature of any alleged violations of supervised release.

4. Respondents' Motion to Dismiss (ECF No. 9) is DENIED WITHOUT PREJUDICE to refilling a properly noticed motion in compliance with the Local Rules.

IT IS SO ORDERED.

Dated:  **December 30, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Osejo25cv01846.tro

5